White, C. J.
The judgment must be reversed.
It is true, as claimed by counsel for the defendant in error, that there is no bill of exceptions bringing into the record the rules adopted by the association for conducting its business. But the petition contains sufficient data to show that the account between the parties was taken upon a wrong basis.
The authority of these associations under the statute was fully considered in Hagerman v. Ohio Building and Savings Association (25 Ohio St. 187), and in The Forest City United Land and Building Association v. Gallagher, (id. 208); and from the principles laid down in these cases we are not inclined to depart.
It was there declared that on the breach of the condition of a mortgage given to secure the payment of dues, interest on loans advanced, and fines, the decree in an action to foreclose should be confined to the amount of such dues, interest, and fines then due and unpaid. It was also, held that the association is not authorized to charge interest on the premiums allowed for precedence in taking loans, but that the money actually advanced is the basis for the computation of interest.
In the present case the default alleged consisted in the non-payment of the weekly dues for the period of twenty-five weeks, and the failure to pay the monthly installments of interest on the money advanced by the association.
The sum advanced was $1,193.50. It is quite clear that the monthly installments of interest on this sum at the rate of six per cent, per annum, and the weekly installments of $1.75, being the dues on the seven shares of stock, did not constitute the basis on which the account was taken.
As fhe only default charged related to the amount owing to the association for dues and interest, these items should have formed the basis for ascertaining the amount then due the association, for non-payment of which an order of sale might be issued.
The mortgagees would have the right, by paying the amount thus found due, to prevent a sale of the property. *520 Should he fail to make such payment, and the mortgaged property be converted into money, other considerations than those relating to the amount then due would arise in making an equitable distribution of the funds between the parties. Hagerman’s case, sufra, on page 206.
The case of the Licking County Saving, Loan, and Building Association (29 Ohio St. 252) is cited by counsel for defendant in error as supporting the judgment of the court of common pleas in the present case.
The only question in that case was as to the terms upon which, under the by-laws, the legal representatives of a deceased borrowing member might withdraw from the association, and discharge themselves from all future liability.
It was held that in order to be entitled to such discharge, the representatives of the deceased member, upon the true construction of the by-laws of that institution, must refund the money actually received from the association, and also pay the premium bid for obtaining it. The sense in which the term “loan” was used in that particular instance was to be determined from the by-laws, and did not depend upon the sense in which the term is used in the statute. The two cases first above cited relate to the meaning of the term as used in the statute authorizing the creation of these institutions; and the principles declared in'these cases are unaffected by the decision in the case of the Licking County Saving, Loan, and Building Association.
Leave granted; judgments of the district court and of the common pleas reversed, and cause remanded to the common pleas court for further proceedings.